## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

JULIA EMILIA MARTINEZ RIVERA

Debtor(s)

CASE NO.  11-06896

Chapter  11

FILED & ENTERED ON 7/5/2013

## OPINION & ORDER

Before this court is Debtor's Motion Requesting Extension of Time Confirmation of Small Business Plan [Dkt. No. 196], Government's Opposition to Debtor's Motion Requesting Extension of Time Confirmation of Small Business Plan [Dkt. No. 197], Debtor's Reply to Government's Opposition to Debtor's Motion Requesting Extension of Time Confirmation of Small Business Plan [Dkt. 200], Government's Reply to Debtor's Reply Regarding Extension of Time for Confirmation of Plan [Dkt. 201].  For the reasons set forth below, Debtor's Motion Requesting Extension of Time Confirmation of Small Business Plan is DENIED.

I.     Factual Background

Debtor Julia Emilia Martinez Rivera filed a voluntary Chapter 13 bankruptcy petition on August 16, 2011. Subsequently, on November 12, 2012, Debtor asked this Court to convert her case to Chapter 11, which was granted on December 17, 2012. On April 26, 2013, Debtor filed her Small Business Plan and the confirmation hearing was scheduled for June 4, 2013. The Debtor filed a request to continue the confirmation hearing, which the Court granted, while cautioning the Debtor that the requirements set forth in § 1121(e)(3) must be complied with regarding confirmation.

Debtor's Motion Requesting Extension of Time Confirmation of Small Business Plan and the Government's Opposition followed.

**II.      Legal Analysis and Discussion**

   **A. The Date of the Order For Relief**

This instant case involves a "small business debtor" within the meaning of 11 U.S.C. § 101(51 D) of the Bankruptcy Code. In the 2005 BAPCPA amendments, Congress added certain specific, time-sensitive provisions for small business debtors seeking to confirm a plan of reorganization. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23 (2005).

In the motion for extension presently before this court, Debtor argues that such motion should be granted because (1) Debtor and her accountant could not meet on June 4, 2013, because a plan confirmation hearing was held on the same date; (2) Debtor's plan with amendments is more likely than not to be confirmed within a reasonable time and Debtor has received two ballots accepting her drafted Plan; and, (3) Debtor was occupied in the recent weeks with a family death.

In opposition, the Government points out that Debtor offers no explanation for the reason Debtor initially failed to propose a plan that complied with the requirements of the Bankruptcy Code. The Government argues that the Debtor voluntarily commenced her bankruptcy proceeding on August 16, 2011. Nowhere in the Bankruptcy Code does it state that a conversion of a case to Chapter 11 automatically resets the clock for the 300 day limit as set forth in § 1121(e)(2). Therefore, the 300 day limit runs from the initial voluntary petition date and not from the date of the conversion. The Government points out that the 45-day timeliness requirement in the Court's order on May 30, 2013 is moot in the instant case. Summarily, because Debtor is a small business, Debtor must meet

all the requirements that accompany her small business status pursuant to § 1121(e) and thus this Court cannot grant Debtor's motion.

Debtor, in reply, contends that pursuant to § 348, the date of conversion of the instant case is the date of the order of relief. The reasoning for such interpretation, Debtor clarified, is that § 1121 is applicable only to Chapter 11 and not to Chapter 13 cases. Debtor also restates that her schedule for plan confirmation was thrown off track by her family member's death. Summarily, Debtor contends that she is acting in good faith and asks this Court to allow more time for her to revise and improve her plan.

The Government's rebuttal focuses on restating two points: (1) § 348(a) states that the date of the order of relief is not changed whatsoever by conversion except in cases of certain provisions listed in § 348(b) and (c). Therefore, because § 1121(e) is not listed under § 348(b) or (c), such provision cannot be given such exception; and, (2) § 1121(e) has a "drop dead" requirement, therefore, non compliance will create such "drop dead" effect that terminates Debtor's reorganizational efforts.

A small business debtor must file its plan and disclosure statement, if any, not later than 300 days after the order for relief. Cf., 11 U.S.C. § 1121(d)(2)(A) and 11 U.S.C. § 1121(e)(2). Section 1121(e)(2) mandates explicitly that a small business case plan can only be filed "not later than 300 days after the order for relief...." H.R.Rep. No. 109–31, at 158 (2005), 2005 U.S.C.C.A.N. 88 (demonstrating the congressional intent behind such provision).

The date of that "order for relief" as mentioned in § 1121(e)(2) is the date of the commencement of the original voluntary case. See 11 U.S.C. § 301; See also In re Florida Coastal Airlines, Inc., 361 B.R. 286 (Bankr.S.D.Fla.2007). Section 348(a) states:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, *except as provided in subsections (b) and (c) of this section*, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief. [emphasis ours].

Therefore, under § 348(a), a conversion to another chapter leaves that date unchanged; accordingly, all provisions of the Bankruptcy Code that are tailored to that date are also unaffected by conversion. See F & M Marquette Nat'l Bank v. Richards, 780 F.2d 24, 26 (8th Cir.1985); 3 Collier on Bankruptcy ¶ 348.02, at 348–6 (Lawrence P. King ed., 15th ed. rev.1999).

In this case, "the date of the order for relief" was August 16, 2011, upon Debtor's filing of her initial voluntary petition. Therefore, the small business Plan that was filed on April 26, 2013, was far beyond the 300 days deadline set forth under § 1121(e)(2).

**B. Cause for Dismissal**

This Court has previously stated that "[if] debtor did not file a plan within the statutorily set time period under § 1121(e)(2), [such] failure constitutes "cause" under § 1112(b) & (b)(4)(J)." In re Sanchez, 429 B.R. 393, 400 (Bankr. D.P.R. 2010); see also In re Randi's, Inc., 474 B.R. 783, 786 (Bankr. S.D. Ga. 2012) ("cause exists to dismiss or convert the case for the failure of any party to file a plan within the 300–day period or to timely obtain an extension"); In re Sutherland, No. 10–17768–MER, 2011 WL 2078529 at *1–2 (Bankr.D.Colo. May 25, 2011) (stating that failure to file a plan within the 300–day deadline is grounds for dismissal); In re Castle Horizon Real Estate, LLC, No. 09–05992–8–JRL, 2010 WL 3636160 at *2 (Bankr.E.D.N.C. Sept. 10, 2010) ("if no party files a plan within 300 days, then no relief is available"); but see In re Florida Coastal Airlines, Inc., 361 B.R. 286, 292 (Bankr.S.D.Fla.2007) (concluding the § 1121(e)(2) deadline applies solely to plans

filed by the debtor). Accordingly, this Court finds cause to dismiss this instant case.

**C. Circuit Guidance**

For Circuit guidance purposes, this Court also notes that although § 105(d)(2)(B)(iii) may be invoked to set a date by "which a party in interest other than a debtor may file a plan," such provision may only be invoked where doing so would not be "inconsistent with another provision of [the Bankruptcy Code]." 11 U.S.C. § 105(d)(2). Section 1121(e)(2) explicitly limits the period during which a small business plan may be filed. Thus, confirming a plan filed after the 300–day deadline would be inconsistent with § 1121(e)(2). Therefore, § 105(d)(2) cannot be invoked to extend the deadline. See In re Fesco Plastics Corp., Inc., 996 F.2d 152, 154–55 (7th Cir.1993); see also, In re Sutherland, No. 10–17768–MER, 2011 WL 2078529 at *1–2 (Bankr.D.Colo. May 25, 2011) (denying debtor's request for the court to utilize its § 105 authority to extend the § 1121(e)(2)–(3) deadlines); In re Barnes, 308 B.R. 77, 80–81 (Bankr.D.Colo.2004) (declining to extend the pre-BAPCPA § 1121(e)(2) deadline using the court's § 105 authority where the Code expressly prohibits an extension).

WHEREFORE, Debtor's Motion Requesting Extension of Time Confirmation of Small Business Plan is DENIED. Debtor's case is hereby DISMISSED.

SO ORDERED

San Juan, Puerto Rico, this 5th day of July, 2013.

Brian K. Tester
U.S. Bankruptcy Judge